ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona
JERRY R. ALBERT
Assistant United States Attorney
Evo A. Deconcini U.S. Courthouse
405 West Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: 520-620-7300
jerry.albert@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 11-4209-TUC-RCC (DTF) |
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| Rudolpho Martin Valdez, | |
| Defendant. | |

The United States of America and the defendant, Rudolpho Martin Valdez, agree to the following disposition of this matter:

### PLEA

The defendant agrees to plead guilty to Count One of the Indictment charging the defendant with a violation of Title 21, United States Code, Section 846, Conspiracy to Possess with Intent to Distribute Marijuana, a felony.

### ELEMENTS OF THE CRIME

The essential elements of Conspiracy to Possess with Intent to Distribute Marijuana are that:

(a) the defendant agreed with at least one other person to commit the crime of Possession with Intent to Distribute Marijuana as charged in the Indictment;

(b) the defendant became a member of the conspiracy knowing that its object was

the Possession of Marijuana with Intent to Distribute, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C), and intending to accomplish said object.

As a sentencing factor, the government would be required to prove that the quantity possessed was 79 kilograms of marijuana.

## TERMS

**Maximum Penalties:** The defendant understands and agrees that the maximum penalty for the offense being pled to is $1,000,000.00 or a maximum term of twenty (20) years imprisonment, or both and a term of between three (3) years and lifetime supervised release.

   a.   Special Assessment: The defendant understands that in accordance with Title 18, United States Code, Section 3013, upon entry of judgment of conviction, there shall be assessed a $100.00 special assessment for each felony count.

   b.   Pursuant to Title 21, United States Code, Section 862a, defendant will not be eligible for either assistance under programs funded under Part A of Title IV of the Social Security Act (Temporary Assistance for Needy Families) or benefits under the Food Stamp program. In addition, any benefits to defendant's family under these programs will be reduced.

   c.   The defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including defendant's attorney or the district court, can predict to a certainty the effect of defendant's conviction on defendant's immigration status. Defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is defendant's automatic removal from the United States.

1 | <u>Agreement Regarding Sentencing:</u>

2 | Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the government and the defendant stipulate and agree to a binding recommendation of 12-18 months imprisonment, Zone D sentencing options only, if the defendant is eligible for sentencing under the provisions of the "Safety Valve" Act. The parties agree the defendant may be "safety valve" eligible if he meets all of the requirements set forth in U.S.S.G. §2D1.1(b)(11). If the defendant is not "safety valve" eligible, the government and the defendant stipulate and agree that the following is an appropriate disposition of this case (Zone D sentencing options only):

15-21 months imprisonment if defendant's Criminal History Category is II;

18-24 months imprisonment if defendant's Criminal History Category is III;

24-30 months imprisonment if defendant's Criminal History Category is IV;

30-37 months imprisonment if defendant's Criminal History Category is V;

33-41 months imprisonment if defendant's Criminal History Category is VI..

This plea agreement is contingent upon the successful guilty pleas of all co-defendants, EUGENIO AVENDANO-PEREZ, JESUS FRANCO-YESCAS and RUDOLPHO MARTIN VALDEZ. If any of the co-defendants do not plead guilty in this case, the government reserves the right to withdraw from the plea agreement.

<u>AGREEMENT AS TO FORFEITURE</u>

a. Defendant, Rudolpho Martin Valdez, knowingly and voluntarily agrees to forfeit all right, title and interest in $83,200 in United States currency.

b. Defendant knowingly and voluntarily agrees not to pursue any filed claims, and to waive all interest in the asset listed above, in any administrative, civil or criminal judicial proceeding, whether state or federal, which may be initiated.

c. Defendant knowingly and voluntarily agrees to consent to the entry of orders of forfeiture for the forfeitable asset and waives the requirements of Federal Rules of Criminal Procedure, Rules 7 and 32.2 regarding notice of the forfeiture in the charging

instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

  d. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

  e. Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, any jeopardy defense or claim of double jeopardy, or any other means), and knowingly and voluntarily agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or punishment, to any forfeiture carried out in accordance with this plea agreement on any grounds.

  f. Defendant warrants that he is the owner or has an interest in the property listed above, and knowingly and voluntarily agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed asset covered by this agreement.

  g. Defendant knowingly and voluntarily agrees and understands the forfeiture of the asset listed above shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

<u>Waiver of Defenses and Appeal Rights</u>:

  The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment, or to the petition to revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement.

The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and 4) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement.

Reinstitution of Prosecution:

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

Factual Basis:

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty; and, that if this matter were to proceed to trial, the government could prove the elements of the offense beyond a reasonable doubt, that is, that from a time unknown to on or about November 22, 2011, I was a member of a conspiracy knowing of at least one of its objects; I intended to help accomplish at least one of the objects; and, that at least one of the members of the conspiracy performed at least one

overt act for the purpose of carrying out the conspiracy. The elements of possession with intent to distribute marijuana are that I knowingly possessed marijuana with the intent to deliver it to another person.

I agree that the government could prove the elements of the offense beyond a reasonable doubt based on the following facts:

> On November 22, 2011, at or near Tucson, in the District of Arizona, Eugenio Avendano-Perez, Jesus Franco-Yescas and Rudolpho Martin Valdez conspired together to store, sort and distribute approximately 79 kilograms of marijuana from Rudolpho Martin Valdez's home. Valdez's wife and minor children reside and were present in the home. **Eugenio Avendano-Perez, Jesus Franco-Yescas and Rudolpho Martin Valdez** knew the marijuana was in the home and they intended to be paid to deliver the marijuana to another person.

Disclosure of Information to U.S. Probation:

The defendant understands the government's obligation to provide all information in its file regarding defendant to the United States Probation Office.

The defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

   a.   All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

   b.   All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

   c.   All history of drug abuse which would warrant a treatment condition as part of sentencing.

   d.   All history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

Plea Addendum:

The United States may file a Plea Addendum in this case, even though there may or may not be any additional terms. Defendant and defendant's attorney acknowledge that no threats, promises or representations exist beyond the terms of this plea agreement.

## **DEFENDANT'S APPROVAL AND ACCEPTANCE**

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered. I agree that any Guidelines Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this <u>written</u> plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

3-2-12
Date

Rudolpho Martin Valdez
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement.

I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

3-2-12
Date

Stephanie K. Bond
Attorney for Defendant

### UNITED STATES' APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona

2/15/12
Date

JERRY R. ALBERT
Assistant U.S. Attorney